FR:bsg
F.#2010R02175

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ AUG 20 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA,

- against -

RAMON NANAS,

        Defendant.

------------------------------X

PRELIMINARY
ORDER OF FORFEITURE

13 CR 0351 (SJF)(S-1)

WHEREAS, on July 17, 2014, RAMON NANAS (the "Defendant") entered a plea of guilty to the above-captioned superseding information, charging a violation of 18 U.S.C. § 1349;

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to entry and forfeiture of the following:

a) a forfeiture money judgment in the amount of two hundred thousand dollars and no cents ($200,000.00) (the "Forfeiture Money Judgment");

b) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 11, 1988 for 7-Eleven store number 16440 located in Cutchogue, New York, and all proceeds traceable thereto;

c) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 8, 1993 for 7-Eleven store number 34450 located in Smithtown, New York, and all proceeds traceable thereto;

d) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 4, 1994 for 7-Eleven store number 11194 located in Selden, New York, and all proceeds traceable thereto;

e) all right, title and interest accorded to the franchisee pursuant to that certain Individual Franchise Agreement dated June 30, 2004 for 7-Eleven store number 11204 located in Islip, New York, and all proceeds traceable thereto;

f) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 27642 located in Sag Harbor, New York, and all proceeds traceable thereto;

g) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 20093 located in Greenport, New York, and all proceeds traceable thereto;

h) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated March 8, 1996 for 7-Eleven store number 23924 located in Port Jefferson Station, New York, and all proceeds traceable thereto;

i) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated September 25, 2009 for 7-Eleven store number 34298 located in Nesconset, New York, and all proceeds traceable thereto;

j) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated June 13, 2008 for 7-Eleven store number 23030 located in Portsmouth, Virginia, and all proceeds traceable thereto;

k) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 13, 2008 for 7-Eleven store number 33718 located in Chesapeake, Virginia, and all proceeds traceable thereto;

l) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated January 8, 2009 for 7-Eleven store number 33533 located in Norfolk, Virginia, and all proceeds traceable thereto;

m) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 33329 located in Chesapeake, Virginia, and all proceeds traceable thereto;

n) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated August 18, 2011 for 7-Eleven store number 25839 located in Newport News, Virginia, and all proceeds traceable thereto;

o) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated November 2, 2007 for 7-Eleven store number 33349 located in Virginia Beach, Virginia, and all proceeds traceable thereto;

p) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 32963 located in Chesapeake, Virginia, and all proceeds traceable thereto;

q) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 26, 2009 for 7-Eleven store number 27188 located in Norfolk, Virginia, and all proceeds traceable thereto;

r) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated September 27, 2010 for 7-Eleven store number 24343 located in Norfolk, Virginia, and all proceeds traceable thereto;

s) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 29, 2007 for 7-Eleven store number 29104 located in Manassas, Virginia, and all proceeds traceable thereto;

t) the real property and premises located at 1000 9th Street Unit #G56, Driftwood Cove, Greenport, New York 11944, and all proceeds traceable thereto;

u) the real property and premises located at 5 Farmers Lane, St. James, New York 11780, and all proceeds traceable thereto;

v) approximately $6,567.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 16440 located at 28905 East Main Street, Cutchogue, New York, and all proceeds traceable thereto;

w) approximately $4,764.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34450 located at 710 Route 347, Smithtown, New York, and all proceeds traceable thereto;

x) approximately $8,430.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11194 located at 1316 Middle Country Road, Selden, New York, and all proceeds traceable thereto;

y) approximately $29,774.95 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11204 located at 2715 Union Blvd, Islip, New York, and all proceeds traceable thereto;

z) approximately $24,618.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 27642 located at 22 Water Street Shops, #20, Sag Harbor, New York, and all proceeds traceable thereto;

aa) approximately $9,803.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 20093 located at 747 Main Road, Greenport, New York, and all proceeds traceable thereto;

bb) approximately $48,920.56 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 23924 located at 500 Old Town Road, Port Jefferson Station, New York, and all proceeds traceable thereto;

cc) approximately $5,461.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34298 located at 235 Smithtown Blvd, Nesconset, New York, and all proceeds traceable thereto;

dd) approximately $6,715.26 in United States currency seized on or about June 17, 2013 from Capital One Bank, Account Number 06326042378, held in the names of Farrukh and Bushra Baig, and all proceeds traceable thereto;

ee) approximately $9,000.00 in United States currency along with 53 items of assorted jewelry seized on or about June 17, 2013 from TD Bank safe deposit box number 414, held in the names of Farrukh and Bushra Baig, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto;

ff) foreign currency worth approximately $5,315.82 in United States currency, 12 Gold Bars, and 124 items of assorted jewelry seized on or about June 17, 2013, from TD Bank safe deposit box number 845, held in the names of Bushra Baig & Mustafa

Rehmani, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto; and

gg) approximately 220 items of assorted jewelry seized on or about June 20, 2013, from Capital One Bank safe deposit box number 19-150, held in the names of Malik Yousef, Mehnaz Yousef and Farrukh Baig, located at 532 Old Town Road, Port Jefferson, New York 11776, and all proceeds traceable thereto (items (b) through (gg), collectively, the "Forfeited Assets"), which represent property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349; and/or as substitute assets pursuant to 21 U.S.C. § 853(p).

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, as follows:

1. The Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), all right, title and interest in the Forfeiture Money Judgment and the Forfeited Assets. The value of the Forfeited Assets shall not be credited towards payment of the Forfeiture Money Judgment.

2. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, which shall be paid in full on or before the date of the entry of his guilty plea (the "Due Date"). The Forfeiture Money Judgment shall be paid by certified or bank check, made payable to "United States Customs and Border Protection" and shall be delivered by overnight via Federal Express to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, at 610 Federal Plaza, Central Islip, New York 11722, with the criminal docket number noted on the face of the check. If the

Defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, interest shall accrue thereon at the judgment rate.

3. The Defendant has represented that he has fully disclosed all of his assets to the United States in the United States Department of Justice Financial Statement dated July 17, 2014 (the "Financial Statement"). If the Defendant has failed to disclose to the government any assets in which he has any interest (the "undisclosed assets"), the United States shall forfeit all such undisclosed assets, if any, up to the amount of the Forfeiture Money Judgment. If the Forfeiture Money Judgment is not paid in full to the United States, or if the Forfeited Assets, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order of Forfeiture against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The forfeiture of the Forfeiture Money Judgment and the Forfeited Assets shall not be considered a payment of any fine, penalties, or of any income taxes or restitution loss amounts that may be due, and shall survive bankruptcy.

4. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General, or his designee, is authorized to seize and take custody of the Forfeited Assets and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website

www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

6. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and properties forfeited hereunder. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Any person, other than the Defendant, asserting a legal interest to the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. The Defendant shall not file or interpose any claim or assist others to file

or interpose any claim to the Forfeited Assets, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Assets and the Forfeiture Money Judgment passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Forfeited Assets and the entry and payment of the Forfeiture Money Judgment to the United States. Further, if any third party files a claim to the Forfeited Assets the Defendant shall assist the government in defending such claim.

9. The United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided for in 21 U.S.C. § 853(n)(2).

10. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture shall become final as to the Defendant at sentencing, and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the Forfeited Assets forfeited herein shall be forfeited to the United States for disposition in accordance with law.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture

Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
~~July~~ __, 2014
8/20/2014

s/ Sandra J. Feuerstein

_____
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE