FR:EMS
F.#2010R02175

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★   JAN 05 2016   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X

UNITED STATES OF AMERICA,

    - against -

RAMON NANAS,

    Defendant.

------------------------------X

AMENDED PRELIMINARY
ORDER OF FORFEITURE

13-CR-351(S-1)(SJF)

WHEREAS, on July 17, 2014, RAMON NANAS (the "Defendant") entered a plea of guilty to the above-captioned superseding information, charging a violation of 18 U.S.C. §1349;

WHEREAS, on August 20, 2014, the Court entered a Preliminary Order of Forfeiture (the "Preliminary Order"), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), wherein the Defendant consented to the entry and forfeiture of the following items:

    a) a forfeiture money judgment in the amount of two hundred thousand dollars and no cents ($200,000.00) ("the Forfeiture Money Judgment") ;

    b) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 11, 1988 for 7-Eleven store number 16440 located in Cutchogue, New York, and all proceeds traceable thereto;

    c) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 8, 1993 for 7-Eleven store number 34450 located in Smithtown, New York, and all proceeds traceable thereto;

d) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated November 4, 1994 for 7-Eleven store number 11194 located in Selden, New York, and all proceeds traceable thereto;

e) all right, title and interest accorded to the franchisee pursuant to that certain Individual Franchise Agreement dated June 30, 2004 for 7-Eleven store number 11204 located in Islip, New York, and all proceeds traceable thereto;

f) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 27642 located in Sag Harbor, New York, and all proceeds traceable thereto;

g) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated May 13, 2004 for 7-Eleven store number 20093 located in Greenport, New York, and all proceeds traceable thereto;

h) all right, title and interest accorded to the franchisee pursuant to that certain Store Franchise Agreement dated March 8, 1996 for 7-Eleven store number 23924 located in Port Jefferson Station, New York, and all proceeds traceable thereto;

i) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated September 25, 2009 for 7-Eleven store number 34298 located in Nesconset, New York, and all proceeds traceable thereto;

j) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated June 13, 2008 for 7-Eleven store number 23030 located in Portsmouth, Virginia, and all proceeds traceable thereto;

k) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 13, 2008 for 7-Eleven store number 33718 located in Chesapeake, Virginia, and all proceeds traceable thereto;

l) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated January 8, 2009 for 7-Eleven store number 33533 located in Norfolk, Virginia, and all proceeds traceable thereto;

m) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 33329 located in Chesapeake, Virginia, and all proceeds traceable thereto;

n) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated August 18, 2011 for 7-Eleven store number 25839 located in Newport News, Virginia, and all proceeds traceable thereto;

o) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated November 2, 2007 for 7-Eleven store number 33349 located in Virginia Beach, Virginia, and all proceeds traceable thereto;

p) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated December 13, 2007 for 7-Eleven store number 32963 located in Chesapeake, Virginia, and all proceeds traceable thereto;

q) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 26, 2009 for 7-Eleven store number 27188 located in Norfolk, Virginia, and all proceeds traceable thereto;

r) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated September 27, 2010 for 7-Eleven store number 24343 located in Norfolk, Virginia, and all proceeds traceable thereto;

s) all right, title and interest accorded to the franchisee pursuant to that certain Individual Store Franchise Agreement dated October 29, 2007 for 7-Eleven store number 29104 located in Manassas, Virginia, and all proceeds traceable thereto;

t) the real property and premises located at 1000 9th Street Unit #G56, Driftwood Cove, Greenport, New York 11944, and all proceeds traceable thereto;

u) the real property and premises located at 5 Farmers Lane, St. James, New York 11780, and all proceeds traceable thereto ("the St. James Property") ;

v) approximately $6,567.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 16440 located at 28905 East Main Street, Cutchogue, New York, and all proceeds traceable thereto;

w) approximately $4,764.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34450 located at 710 Route 347, Smithtown, New York, and all proceeds traceable thereto;

x) approximately $8,430.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11194 located at 1316 Middle Country Road, Selden, New York, and all proceeds traceable thereto;

y) approximately $29,774.95 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 11204 located at 2715 Union Blvd, Islip, New York, and all proceeds traceable thereto;

5

z) approximately $24,618.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 27642 located at 22 Water Street Shops, #20, Sag Harbor, New York, and all proceeds traceable thereto;

aa) approximately $9,803.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 20093 located at 747 Main Road, Greenport, New York, and all proceeds traceable thereto;

bb) approximately $48,920.56 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 23924 located at 500 Old Town Road, Port Jefferson Station, New York, and all proceeds traceable thereto;

cc) approximately $5,461.00 in United States currency seized on or about June 17, 2013 from 7-Eleven store number 34298 located at 235 Smithtown Blvd, Nesconset, New York, and all proceeds traceable thereto;

dd) approximately $6,715.26 in United States currency seized on or about June 17, 2013 from Capital One Bank, Account Number 06326042378, held in the names of Farrukh and Bushra Baig, and all proceeds traceable thereto;

ee) approximately $9,000.00 in United States currency along with 53 items of assorted jewelry seized on or about June 17, 2013 from TD Bank safe deposit box number 414, held in the names of Farrukh and Bushra Baig, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto;

ff) foreign currency worth approximately $5,315.82 in United States currency, 12 Gold Bars, and 124 items of assorted jewelry seized on or about June 17, 2013, from TD Bank

---

United States v. Ramon Nanas, 13 CR 351 (SJF)
Amended Preliminary Order of Forfeiture

6

safe deposit box number 845, held in the names of Bushra Baig & Mustafa Rehmani, located at 621 Lake Avenue, St. James, New York 11780, and all proceeds traceable thereto;

gg) approximately 220 items of assorted jewelry seized on or about June 20, 2013, from Capital One Bank safe deposit box number 19-150, held in the names of Malik Yousef, Mehnaz Yousef and Farrukh Baig, located at 532 Old Town Road, Port Jefferson, New York 11776, and all proceeds traceable thereto (items (b) through (gg), collectively, the "Forfeited Assets") which represent property, real or personal, that constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1349; and/or as substitute assets pursuant to 21 U.S.C. § 853(p); and

WHEREAS, the government now seeks to vacate the previously entered Preliminary Order only as to the St. James Property, due to the negative equity in that asset;

NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, by and between the United States and the Defendant as follows:

1. The Defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title and interest in the Forfeited Assets, except for the St. James Property, pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c). The value of the Forfeited Assets shall not be credited towards payment of the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made in the form of a bank or certified check made payable to the "United States Marshals Service" and shall be delivered by overnight delivery or hand delivery to Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, 5th

---

Floor, Central Islip, New York, 11722.

   3.  The Preliminary Order is hereby vacated only as to the St. James Property.

   4.  The Defendant has represented that he has fully disclosed all of his assets to the United States in the United States Department of Justice Financial Statement (the "Financial Statement") dated July 17, 2014. If the Defendant has failed to disclose to the government any assets in which he has any interest in (the "undisclosed assets"), the United States shall forfeit all such undisclosed assets, if any, up to the amount of the Forfeiture Money Judgment.

   5.  If any payments due to be made towards the Forfeiture Money Judgment are not made by the Due Date, the United States may seek to enforce this Order against any other assets, real or personal, of the Defendant up to the value of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgment in any administrative or judicial proceeding. The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due, and shall not be discharged in any bankruptcy proceeding.

   6.  The Defendant knowingly and voluntarily waives his right to any required notice concerning the entry and payment of the Forfeiture Money Judgment and the Forfeited Assets, including notice set forth in an indictment or information. In addition, the Defendant

8

knowingly and voluntarily waives his right, if any, to a jury trial on the entry and payment of the Forfeiture Money Judgment and waives all constitutional, legal and equitable defenses to the entry and payment of the Forfeiture Money Judgment and the Forfeited Assets, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Upon entry of this Order, the United States Attorney General, or her designee, is authorized to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the Defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

8. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this order.

9. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Amended Order of Forfeiture shall become final as to the Defendant at the time of his sentence, and shall be made part of the sentence and included in the judgment. This Amended Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

10. This Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns, and transferees of the Defendant, and shall survive the bankruptcy of any of them.

11. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Order of Forfeiture, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa, United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
~~December    2015~~
January 5, 2016

s/ Sandra J. Feuerstein

_____
HONORABLE SANDRA J. FEUERSTEIN
UNITED STATES DISTRICT JUDGE